IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD GEORGE                                                                    PETITIONER

v.                                           Civil No. 4:10-CV-4122

RAY HOBBS                                                                         RESPONDENT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, RICHARD GEORGE, an inmate confined in the Arkansas Department of Corrections, filed this Petition for Writ of *a Habeas Corpus* pursuant to 28 U.S.C. § 2254. The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**A.  Procedural Background[1]:**

On August 23, 1999, petitioner, Richard George, pled guilty to theft by receiving in the Circuit Court of Miller County Arkansas. He was sentenced to 60 months (5 years) probation.[2] The State sought to revoke his probation in 2002. That petition was withdrawn and his probation was reinstated on October 8, 2002. On January 7, 2004, a second petition was filed seeking to revoke Petitioner's probation. He was arrested on a warrant issued as a result of this petition on March 5, 2007. Following a hearing in May 2008, Petitioner's probation was revoked and he was sentenced to twenty (20) years incarceration in the Arkansas Department of Corrections. Petitioner was represented by counsel John Stroud at the revocation hearing. Petitioner only challenges the

---

[1] The procedural background is taken from the Petition, Response to Petition, and the Court's Docket.

[2] Petitioner indicates his sentence was twenty years, however a review of the Judgment and Disposition Order of the Circuit Court of Miller County, Arkansas shows an original sentence of sixty (60) months probation. ECF No. 9-1 p. 6.

revocation of his probation and does not challenge the original sentence imposed.

Petitioner appealed the revocation of his probation to the Arkansas Court of Appeals. On appeal, he asserted the trial court lacked jurisdiction and there was insufficient evidence to revoke his probation. The Arkansas Court of Appeals affirmed the decision of the trial court. *See George v. State*, 2009 WL 1086471 (Ark. App. April 22, 2009). The Arkansas Court of Appeals found "the evidence in this case sufficiently supports the trial court's finding that 'the facts are very clear that [George] has done absolutely nothing toward resolving the probation he was granted back in 1999.'" 2009 WL 1086471 *3-4. Petitioner thereafter filed a Motion to Review the court of appeals decision in the Arkansas Supreme Court. The Arkansas Supreme Court dismissed the appeal without addressing the merits. *See George v State*, 2009 WL 3047588 (Ark. Sep. 24, 2009).

While his appeal to the Arkansas Court of Appeals was pending, Petitioner filed a Petition for Writ of *Habeas Corpus* in the Lee County, Arkansas, Circuit Court. The Lee County Circuit Court denied his petition on February 4, 2009.

Following the dismissal of his appeal to the Arkansas Supreme Court, Petitioner filed a Rule 37 Petition in the Circuit Court of Miller County Arkansas. The Miller County Circuit Court Denied this petition on December 21, 2009. On June 3, 2010, the Arkansas Supreme Court denied his Motion for Rule on the Clerk, an effort by Petitioner to file a belated appeal of the Rule 37 Petition. He thereafter filed the instant Petition pursuant to 28 U.S.C. § 2254 in this Court.

**B. Current Petition**:

On August 24, 2010, the instant Petition for Writ of *a Habeas Corpus* relief was filed. ECF No. 1. Petitioner alleges the following errors in this state court criminal proceeding:

> (1) the trial court abused its discretion in revoking his probation because his failure to comply with the terms of his probation resulted from the advice of his lawyer, his own

personal injury, and his child support obligations;

(2) the trial court lacked jurisdiction to revoke his probation because the warrant used to arrest him had expired and thus his probation had expired;

(3) his trial counsel was ineffective; and

(4) the Arkansas Supreme Court erred in denying Petitioner's Motion for Rule on the Clerk to allow a belated appeal.

The Respondent asserts the Petitioner's claim of lack of evidence was reasonably decided by the state courts, his claim of ineffective assistance of counsel is procedurally defaulted, and that his "expired warrant" and denial of his belated appeal claims are not cognizable in a federal *habeas corpus* proceeding. The Court will address each of these issues in this Report and Recommendation.

**C. Discussion**:

**1. Trial Court's Abuse of Discretion**: Petitioner asserts the state trial court abused its discretion in revoking his probation when a "preponderance of the evidence indicates that appellant's failure to comply" with his probation conditions was based on the advice of his counsel, his own personal injury and his own child support obligations. In a proceeding pursuant to 28 U.S.C. §2254(d), if an issue has been decided on the merits in state court, the Court may only grant a writ of *habeas corpus* if the state court decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Here, the Petitioner does not allege a violation of Federal law. Rather, he alleges a lack of evidence to support his probation revocation. Section 2254(e)(2) states: "In a proceeding instituted by an

application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Therefore when considering the factual determination made by a state court, this Court may find the state court decision an "unreasonable" only if it is shown by "clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

Here, the state court found that Petitioner, while he argued his failure to comply was excusable, admitted his failure to comply with his terms and conditions of probation. *See George v. State*, 2009 WL 1086471 *1 (Ark. App. April 22, 2009). Further, at the revocation hearing held on May 27, 2008:

> . . .the State introduced the testimony of George's probation officer, Jo Fredrickson. She testified that George was advised of the conditions of his probation, which included his duty to report to his probation officer and his responsibility to pay costs, fines, and probation supervision fees. She said that George violated all of those conditions. The last contact she had with George was on August 28, 2003, and George had made no payments of costs, fines, or fees since his probation began.

*George v. State*, 2009 WL 1086471 *1. The trial court considered all of the foregoing testimony as well as the testimony of Petitioner. The trial court specifically found:

> [T]he facts are very clear that the Defendant has done absolutely nothing toward resolving the probation that he was granted back in 1999 ... with little or no payments. In fact, I'm not sure that there has been any payments toward the financial obligations.... It's been almost five years since he last reported, although he reported the last few months after he was released from custody....

*George v. State*, 2009 WL 1086471 *1. Based on the evidence before the trial court, as summarized above, the trial court's decision was unreasonable. Petitioner certainly does not allege clear and

convincing evidence the trial court's decision is not supported by the record. His first alleged ground for relief should be denied.

**2. Trial Court's Lack of Jurisdiction**: Petitioner next alleges the warrant used to arrest him on the petition to revoke his probation had "expired" and thus the trial court lacked jurisdiction to proceed with the revocation proceeding. Petitioner was placed on probation for a term of 60 months on August 23, 1999. The petition to revoke his probation at issue here was filed on January 7, 2004, some 52 months into his probationary term. An arrest warrant was issued on January 7, 2004, based on the petition. Petitioner was not actually arrested until March 5, 2007, long after his term of probation had expired. Petitioner argues the warrant was expired and thus of no effect, since his arrest occurred after the expiration of his term of probation, and the trial court had no jurisdiction.

Title 28 United States Code Section 2254(a) provides for habeas corpus relief only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner in this case does not allege any violation of the United States Constitution or the laws of the United States. Further, at the time of the revocation of Petitioner's probation, Ark. Code Ann. §5-4-308[3] provided specifically "(f) A court may revoke a suspension or probation subsequent to the expiration of the period of suspension or probation if before expiration of the period: . . . (2) A warrant is issued for the defendant's arrest for violation of suspension or probation. . ." Accordingly, the trial court had jurisdiction under Arkansas law. Petitioner's second alleged ground for relief should be denied.

**3. Ineffective Assistance of Counsel**: For his third claim, Petitioner alleges his trial counsel was ineffective in failing to (a) challenge the age of the warrant, (b) challenge the failure of the state

---

[3]Repealed July 27, 2011 by Acts of Arkansas 2011, §§10-13.

to proceed in a timely manner, and (c) challenge the "excessive sentence" imposed by the trial court. The Respondent asserts Petitioner is procedurally barred from pursuing his claim of ineffective assistance of counsel. Specifically, Respondent asserts there is an adequate and independent state remedy that was not exhausted by Petitioner before seeking federal *habeas corpus* relief.

A federal habeas petitioner must exhaust all available state court remedies prior to proceeding with a claim in federal court. *See* 28 U.S.C. §2254(b)(1)(A). A state procedural rule will not bar enforcement of a federal right, however, unless the rule furthers a legitimate state interest." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008)(ineffective assistance of counsel claim barred by failure to follow a state procedural rule). If a state prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[4]," then he overcomes the procedural bar and may proceed in a federal *habeas corpus* action. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal *habeas corpus* petition, *unless* he can meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). If a petitioner fails to establish "cause" for his default, the court need not address the "prejudice" issue. *See Watts v. Norris*, 356 F.3d 937, 941 (8th Cir. 2004).

In this case, Petitinoer appealed his probation revocation and lost in the state courts. He then filed a petition alleging ineffective assistance of counsel pursuant to A.R.Cr.P. Rule 37.1. *See* ECF No. 9-11 (Petition for Post Conviction Relief). His Rule 37.1 petition was denied by the trial court.

---

[4] To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges. *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

Petitioner then attempted to appeal the denial of the Rule 37.1 petition to the Arkansas Supreme Court by filing a Motion for Belated Appeal.  That Motion for Belated Appeal was denied on June 3, 2010.  *See* ECF No. 9-12 (Order of Arkansas Supreme Court).  Petitioner failed to follow state procedural requirements in raising his claims before the state courts and his claim of ineffective assistance of counsel is thus barred.

     **a.  Cause and Prejudice**: Because Petitioner's claims were barred by a state procedural rule he must show cause and prejudice or demonstrate a fundamental miscarriage of justice in order to proceed in federal court on this *habeas corpus* petition.  *See Coleman*, 501 U.S. at 750.  Neither the Petitioner nor the Respondent addressed the issue of cause and prejudice for Petitioner's procedural default in the state post conviction proceeding. The Court has carefully reviewed the Petition, Response and all exhibits in this matter and finds Defendant has failed to establish both cause and prejudice in this instance.

     Petitioner does assert that state action preventing him from complying state law requirements for appealing the denial of his  Rule 37.1 petition.  He alleges specifically, "Miller County Circuit Clerk, mailed certified copy [of record on Rule 37.1 proceeding] to the wrong unit.  Petitioner did not receive the certified copy until after the deadline to file said certified records."  Assuming this failure amounts to "cause," the Court thus turns to the issue of "prejudice."

     Other than the claim of ineffective assistance of counsel itself, none of Petitioner's claims involve alleged violations of federal law.   Petitioner alleges his trial counsel was ineffective in failing to (a) challenge the age of the warrant, (b) challenge the failure of the state to proceed in a timely manner, and (c) challenge the "excessive sentence" imposed by the trial court.  Further, as described herein, the factual claims of Petitioner were properly addressed by the state courts.

Similarly, the claim of lack of jurisdiction of the trial court was addressed by the state courts. Accordingly, Petitioner fails to show that a fundamental miscarriage of justice has occurred here.

      **b. Actual Innocence**: A federal *habeas* petitioner who has procedurally default may be able to proceed if he establishes (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). This exception should only be applied in an "extraordinary case." *Id.*

Here, Petitioner alleges no new evidence regarding his actual innocence. He doesn't even claim actual innocence. He makes no allegation that any new evidence would likely result in a finding of not guilty were this case remanded for a trial on the merits. Petitioner has wholly failed to show that a fundamental miscarriage of justice will occur absent this court granting his *habeas corpus* petition.

      **4. Arkansas Supreme Court's Denial of Belated Appeal**: For his final claim for relief, Petitioner claims the Arkansas Supreme Court erred in denying his belated appeal of the denial of his Rule 37.1 Petition. This claim is collateral to Petitioner's actual detention rather than an attack on the detention itself. Petitioner's claim the state court should have granted his belated appeal is a challenge to the state court's post conviction proceeding itself. Even if the Court assumes some error in the state post-conviction proceedings, this does not entitle Petitioner to federal *habeas corpus* relief because this claim represents an attack on a proceeding collateral to his detention, and not on the detention itself. *See Schlup v Armontrout*, 941 F.2d 631, 642 (8th Cir. 1994). Petitioner's fourth claim for relief should be denied.

**D.  Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be **DENIED** and dismissed with prejudice.[5]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **13th day of January, 2012**

　　　　　　　　　　　　　　　　　　　　　　/s/ Barry A. Bryant  
　　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT  
　　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE

---

[5] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984)*.